NO. 07-02-0424-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 14, 2004


______________________________



ROBERT BROWN, TRUSTEE FOR FIRST CITY LIQUIDATING TRUST 


AND MARVY FINGER, TRUSTEE FOR THE WILLIS RANCH JOINT VENTURE,




 Appellants


v.



DAVID HAYWOOD, 




 Appellee

_________________________________



FROM THE 75TH DISTRICT COURT OF LIBERTY COUNTY;



NO. 62,610; HON. J.C. ZBRANEK, PRESIDING


__________________________________



On Motion for Rehearing


__________________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ. 

 Pending before the court is the motion for rehearing of David Haywood. He
questions the accuracy of our prior opinion via the assertion that we have failed to comply
with the rules applicable to conducting a factual sufficiency review in reversing the
judgment. We overrule the motion.

 As illustrated in our opinion, we were required to interpret a written document, i.e.
the June 7, 2001 letter. Construing a written document is a question of law, not fact; this
is especially so given that no one argued, nor did the trial court conclude, that the June 7th
letter was ambiguous. Cross Timbers Oil Co. v. Exxon Corp., 22 S.W.3d 24, 26 (Tex.
App.-Amarillo 2000, no pet.) (stating that the construction of an unambiguous contract
involves a question of law). Nor did we find its wording susceptible to two reasonable yet
conflicting interpretations or ambiguous. See American Mfrs. Mut. Ins. Co. v. Schaefer,
124 S.W.3d 154, 157 (Tex. 2003) (stating this to be the test when determining whether a
writing is ambiguous). Moreover, the question being one of law, we were entitled to
consider it de novo. Cherokee Water Co. v. Freeman, 33 S.W.3d 349, 353 (Tex. App.-
Texarkana 2000, no pet.). Thus, neither the trial court's fact findings about the legal
meaning and effect of the June 7th letter nor the rules used to assess the validity of those
fact findings bound our decision.

 Accordingly, appellee's motion for rehearing is overruled.

 

 Per Curiam



line">Penson v. Ohio, 488 U.S.75, 80,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005). As a result of our review, we agree that the appeal is frivolous. 

 Accordingly, counsel's motion to withdraw is granted and the judgment of the trial
court is affirmed.


 Mackey K. Hancock

 Justice



Do not publish.